IN THE UNITED STATES DISTRICT COURT

FOR THE NOTHERN DISTRICT OF TEXAS

DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | |
| vs. | No. 3:25-CV- |
| $262,724.29 U.S. Currency, | |
| Defendant in Rem. | |

## VERIFIED COMPLAINT FOR FORFEITURE IN REM

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America alleges this *in rem* complaint for forfeiture against the $262,724.29 U.S. Currency ("Defendant Property").

## NATURE OF THE ACTION

1.      This is a forfeiture action under 21 U.S.C. § 881(a)(6). The United States seeks the forfeiture of the Defendant Property, because it is property furnished by any person in exchange for a controlled substance, proceeds traceable to such an exchange, and/or property intended to facilitate such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846.

## JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a), and in rem jurisdiction is proper under 28 U.S.C. § 1355(b).

3.      Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b), because acts or omissions giving rise to the forfeiture occurred in the Northern District of Texas and a substantial part of the events giving rise to the forfeiture occurred in the Northern District of Texas.

## PARTIES

4.      The Plaintiff is the United States of America.

5.      The Defendant Property is $262,724.29 in U.S. Currency.

6.      The Defendant Property was seized from Chase Account ending in 9159 (hereafter TARGET ACCOUNT), in the name of Enigma Marketing Solutions (hereafter ENIGMA) pursuant to a federal seizure warrant on March 19, 2025 in the Northern District of Texas.

7.      Nazaryan, through his attorney George Mgdesyan, filed a claim on June 12, 2025, and sought judicial referral.

8.      Additionally, attorneys Samuel F. Mitchell and Michael Elsner, on behalf of victims of the Juarez cartel, filed a claim on July 14, 2025 and sought judicial referral.

## FACTS

9.     The factual basis for the forfeiture in this case involves an investigation by the DEA into the suspected drug trafficking activities of Altareek Gibbs (hereafter GIBBS) and other co-conspirators.

10.     A review of GIBBS' criminal history shows multiple arrests for possession of a controlled substance and other offenses.

11.     On May 20, 2024, Agent B. White #2125, of the Oklahoma District 21 Drug and Violent Crime Task Force Unit performed a traffic stop and arrested GIBBS for possession of approximately (35) pounds of marijuana.  Affiant received a copy of Agent White's report and learned that Agent White observed two (2) vehicles traveling in tandem, close to each other, with very little traffic on the roadway travelling southbound on Interstate 35 in Oklahoma.  The lead vehicle was a white BMW and the trailing vehicle was a gray Chrysler 300.  Agent White noted that this behavior was indicative of a decoy vehicle and a load vehicle regarding drug trafficking.  Agent White observed both vehicles exited I-35 southbound to avoid Agent White's marked unit.  Agent White pulled over in the median to observe both vehicle's behavior.  Shortly thereafter, both vehicles reentered I-35 southbound and had switched their travelling order, with the gray Chrysler 300 as the lead vehicle and the white BMW as the trailing vehicle.  Agent White suspected that this was an attempt for the gray Chrysler 300 to draw attention away from the suspected load vehicle, the white BMW.  Agent White elected to follow the white BMW and performed a stop for a traffic violation of the white BMW.

12.    The interior of the BMW and GIBBS' person displayed an odor of Marijuana. Additionally, Agent White observed Marijuana in plain view on the center console.  Agents completed a PC search of the vehicle for Marijuana.  During the search, two (2) black trash bags were found in the trunk of the vehicle which were found to contain 32 vacuum sealed packages of Marijuana each packaged in approximately 1 lb. packing of product with a total approximate weight of 35.7 lbs.

13.    Agent White subsequently arrested GIBBS for possession of 35 pounds of marijuana. GIBBS pled no contest for this arrest in June 2024 and received a 3-year suspended sentence.

14.    On June 27, 2024, the Fort Worth Police Department conducted an undercover operation that led to the execution of search warrants at two apartments in Fort Worth that were identified as "Traps" (locations used as drug distribution hubs), and the arrest of GIBBS for possession of drugs.  Among the items seized at the two (2) "Traps" were drugs including marijuana, cocaine, heroin and pills, firearms, and cash.

15.    Prior to the execution of the search warrants on the Traps, law enforcement conducted surveillance and observed GIBBS present at one of the apartments. He departed shortly before execution of the search warrant but was subsequently stopped in a traffic stop. He was driving the same white BMW form the May arrest in Oklahoma.

16.    Affiant obtained rental records for the "Trap" locations and learned that neither apartment was leased in GIBBS' name despite GIBBS clearly having control and

dominion of the "Traps," as observed by officers during surveillance. Affiant knows that individuals involved in operating "Trap" locations have a proclivity to utilize third parties to rent apartments to be used as "Traps" to hinder law enforcement from utilizing databases to identify these locations and to disassociate themselves from the "Traps".  However, the owners of these "Traps" must frequently visit these locations to oversee that the daily operations are conducted efficiently, that drug inventory is sufficient to supply customers, and to collect the proceeds generated from the drug sales.

17.    Fort Worth PD provided your affiant cell phone 817-298-0139 (hereafter 0139), which was seized from GIBBS during his arrest on June 27, 2024.  Affiant obtained a search warrant to review the contents of 0139.  A review of the text messages revealed multiple communications with a suspected marijuana Source of Supply (SOS) utilizing a phone number 818-619-7988 (hereafter 7988) listed under "Ren Cousin".  This SOS is believed to be based in California.  Law enforcement databases linked 7988 to Davit Hoveyan (hereafter HOVEYAN).

18.    Found in the communications with phone number 7988 were messages pertaining to drug orders, addresses provided for the delivery (via mail) of drug shipments, and bank transfer instructions for the payment of the drugs, including evidence of payment to the TARGET ACCOUNT.

## CHASE ACCOUNT ending 9159 - TARGET ACCOUNT

19.     Chase account ending 9159 is a Chase Business Complete Checking account styled in the name of Enigma Marketing Solutions, Inc.  The account was opened on 03/03/2023 and Shant Nazaryan (hereafter NAZARYAN) is the only authorized signor on the account.

20.     Affiant believes that NAZARYAN and HOVEYAN are working together in the distribution of marijuana and GIBBS is one of their customers.

21.     Affiant has investigated connections between NAZARYAN and HOVEYAN, and discovered that on May 5, 2023, HOVEYAN purchased round-trip travel for him and NAZARYAN from Los Angeles International Airport (LAX) to Dulles International Airport (IAD).  Affiant also knows that on November 13, 2023, Ruzanna Hoveyan, believed to be a relative of HOVEYAN, purchased one-way travel for HOVEYAN, NAZARYAN, and others from ORD to LAX.

22.     Affiant believes that NAZARYAN is in charge of the financials, HOVEYAN is in charge of the drug sales (conducted from his phone number ending in 7988), and the TARGET ACCOUNT is utilized to collect proceeds from their drug trafficking activities.

23.     The following are examples of the communications between GIBBS and phone number ending 7988 belonging to HOVEYAN:

      a.  **Deal #1** – On January 5, 2024, GIBBS sends a photo of an invoice to 7988 stating that he is, "Missing 4 only got 1 black cherry gusher".  The invoice is

a generic form with no company name at the top.  The customer's name is handwritten in as "Star's House" on invoice #0364463, the date looks like 4/1 but is believed to be 1/4 (January 4th) based on the date that the message was sent.  The invoice was for several varieties of marijuana such as "Michelle Obama", "Jolley Rancher", etc.



Based on training and experience, agents believe that GIBBS ordered $23,350 worth of Marijuana (13 pounds) and that the total invoice amount for this order was $23,350.

b. **Deal #2 –** On January 12, 2024, GIBBS receives a photo of an invoice from 7988 for 39 pounds of marijuana totaling $53,450. GIBBS responds, "Thank you".

c. **Deal #3 -** On February 09, 2024, GIBBS receives an invoice from 7988 with multiple pounds of marijuana for $33,550. GIBBS responds that he only had "half" of it.



d. **DEAL #4** - On February 25, 2024, GIBBS sent, "I made it back", can you send me price list. 7988 sent an invoice totaling $38,850.

e. **DEAL #5** - On March 16, 2024, 7988 sent GIBBS "Brother you landed?, GIBBS

responded, "Landing".   HOVEYAN responded, "Ok My boy is there", GIBBS

replied, "OK we supposed to land at 4:30 had a 15 minute delay in Dallas".  Found

in GIBBS' phone was the following invoice dated 03/16 corresponding to this drug

trip:

f. **DEAL #6** - On March 28, 2024, GIBBS sent 7988, "On the plane give u a call when I land".  On 04-2-24, 7988 sent, "And let me know how you want to send the money".  GIBBS sent, "2904 hanger ave ft worth, tx 76105", and then, " I can use the wire transfer".  7988 sent, "III send you information now", "Enigma marketing solutions, Routing#: 021000021, Account #:930939159".  GIBBS sent, "Ok".  GIBBS asked for the zip code and received, 91352.  On 04-03-2024, HOVEYAN sent, "Can I call you later?".  GIBBS appeared to need information right now and sent, "At the bank", " Is your bank chase bank?".  GIBBS then sent a photo of a wire transfer receipt with the following information:



7988 sent, "We got 20k bro".  GIBBS sent, "Ok bet", "U have tracking?".  7988 sent,
"9505 5156 3344 4093 8142 73 and 9505 5163 3633 4093 7129 24".  GIBBS asked, "Fed
ex?".  7988 stated, "Usps".  7988 asked, "ADRIAN SANTOYO, Emily Turner, or first or
second, 2904 hanger Ave ft worth, tx 76105,9505 5163 3633 4093 7129 24, 9505 5156
3344 4093 8142 90.  On 04-05-2024, GIBBS sent, " Didn't come bro".  7988 sent a
screenshot of the USPS shipping info which says it will be there on 04-05-2024, and
stated don't worry, it will be shipped tomorrow.  On 04-06-2024, GIBBS sends 7988,
"Got it".

[remainder of page intentionally blank]

g. **DEAL #7** - On April 09, 2024, the same series of exchanges takes place.  The order is for $21,800 worth of marijuana.

h. **DEAL #8** - On April 18, 2024, a new order is placed for $19,100.



On 4-19-2024, 7988 sent, "Good morning brother. You did wire?".  GIBBS replied, "Yes she sent 10 sending the other 10 in a min".  GIBBS sent, "Emily Turner 3145 Lynn Creek Parkway, Apt 1302, Grand Prairie, Tx 75052".  7988 sent, "9505 5156 3344 4110 8229 94".  "Usps", 7760 3611 3340", "Fedex".  GIBBS sent, "All money sent bro".

Analysis of financial records show that on 04/19/2024, TARGET ACCOUNT received a wire transfer in the amount of $10,000 originating from NFCU acct ending 8759 which is styled in the name of Beauty By Bailee.  NFCU records show that acct ending 8759 belongs to Stephanie Lalanne (hereafter Lalanne), GIBBS' common law wife. Based on the communication between GIBBS and 7988 during this deal, it appears GIBBS had Lalanne wire transfer $10,000 to the TARGET ACCOUNT as part of the payment for this order.  Below is the picture of the wire transfer conducted by Lalanne to the TARGET ACCOUNT.



i. **DEAL #9** - On April 28, 2024, 7988 sent a photo of an invoice for $30,300 worth of marijuana.  GIBBS sent, "2810 grand lookout in Arlington, Texas 76001.  7988 sent, "Text me Name bro, EMILY TURNER, This name is OK?".  GIBBS replied, "Yes", "Don't forget bags", 7988 sent GIBBS the two (2) tracking numbers.

j. **DEAL #10** - 06-03-2024, 7988 sent, "Brother how many you need?".  GIBBS responded with, "$20.000".  7988 sent a picture of an invoice for nine (9) pounds of marijuana for $20,300.  7988 sent a message saying the bill is $19,200 +old balance of 1700 for a total of $20,900.  They agree and 7988 told GIBBS to wire money to the same company as before.  GIBBS stated okay and he will send address tomorrow.

On June 04, 2024, as payment for the drug order, GIBBS sent a photo of the following wire transfer:



GIBBS sends the address, "2810 Lookout In Arlington, Texas 76001".  On 06-06-2024, 7988 sends a photo of a USPS shipping receipt which showed the tracking number and that the package weighs 12 lbs, 5.2 oz.  7988 sent, " Brother you send me the second 10k?".  GIBBS responded, "Yes tomorrow my account is block have to send from her acct".  7988 replied, "ok" and sent a picture of a second USPS receipt showing a package sent that weighed 4 lbs, 7 oz and he added, "Crumble".

On 06-07-2024, GIBBS sends a photo of a wire receipt showing that FULLSPEED
CLASSIC DETAIL at 5400 Matlock in Arlington, Texas wired $10,000 to the TARGET
ACCOUNT.  Affiant knows that FULL SPEED CLASSIC AUTO is a car detailing
business owned by GIBBS.  Affiant also knows from the receipt below that GIBBS
conducted the wire transfer from the EECU, Mansfield Branch located at 1720 US Hwy
287, Mansfield, Texas.



As stated in the text messages pertaining to Deal #10, GIBBS had to break up the $20,000 payment for this drug order into two (2) separate wire transfers.  One $10,00 wire transfer was conducted by Lalanne and the other $10,000 was conducted by GIBBS.

24.     The following table summarizes the documented transactions, detailed above, between GIBBS and phone number 7988 belonging to HOVEYAN, resulting in incoming transfers to the TARGET ACCOUNT:

| DEAL NUMBER | DATE | AMOUNT |
|---|---|---|
| 1 | 01/05/2024 | $23,350 |
| 2 | 01/12/2024 | $53,450 |
| 3 | 02/03/2024 | $33,550 |
| 4 | 02/25/2024 | $38,850 |
| 5 | 03/16/2024 | $40,000 |
| 6 | 03/28/2024 | $20,000 |
| 7 | 04/09/2024 | $21,800 |
| 8 | 04/18/2024 | $19,100 |
| 9 | 04/27/2024 | $30,300 |
| 10 | 06/03/2024 | $19,200 |
| **TOTALS** | | **$299,600.00** |

**FIRST CAUSE OF ACTION**

**21 U.S.C. § 881(a)(6)**
**(forfeiture of property related to drug trafficking)**

1.      The United States reasserts all allegations previously made.

2.      Under 21 U.S.C. § 881(a)(6), "moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of" 21 U.S.C. § 801 et seq. are subject to forfeiture.

3.      Under 21 U.S.C. § 841(a), it is "unlawful for any person knowingly or intentionally . . . to manufacture, distribute, or dispense, or possess with intent to manufacture, distribute, or dispense, a controlled substance."  An attempt or conspiracy to do the same is also prohibited by 21 U.S.C. § 846.

4.      As set forth above, the Defendant Property is cash that was used or intended to be used to facilitate an exchange for a controlled substance, as well as proceeds traceable to such an exchange in violation of 21 U.S.C. §§ 841(a) and/or 846. This property is therefore subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6).

## **REQUEST FOR RELIEF**

WHEREFORE, the United States respectfully asserts that the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(6).

The United States further requests:

A.    That, pursuant to the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Rule G(3)(b)(ii), the Clerk of the Court issue a Summons and Warrant of Arrest *in Rem* as to the Defendant Property.

B.    That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

C.    That a Judgment of Forfeiture be decreed against the Defendant Property;

D.    That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service or its delegate be able to dispose of the Defendant Property according to law; and

E.    That the United States receives its costs of court and all further relief to which it is entitled.

DATED this _9_ th day of September, 2025.

NANCY E. LARSON
ACTING UNITED STATES ATTORNEY


*/s/ Elyse Lyons*
Elyse Lyons
Assistant United States Attorney
Texas Bar No. 24092735
1100 Commerce Street, Third Floor
Dallas, Texas 75242-1699
Telephone: 214-659-8600
Facsimile: 214-659-8805
Elyse.lyons@usdoj.gov

ATTORNEY FOR PLAINTIFF

**VERIFICATION**

I am a Task Force Officer with the Drug Enforcement Agency (DEA).  As a Task Force Officer with the DEA, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the factual statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this _9___ day of September 2025.


_____
Task Force Officer John Van Ness
Drug Enforcement Administration